UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20159-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ABRAHAM RYDZ,

     Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court are two motions filed by Intervenor, Vivian Rydz, Successor Trustee to the Abraham Rydz Revocable Trust: (1) Motion to Intervene [DE 3004]; (2) Motion to Set Aside Forfeiture Consent and Validate Interest in Property [DE 3005]. These motions were referred to me by the Honorable Alan S. Gold [DE 3012]. For the reasons discussed below, I recommend that the motion to intervene be denied, and the motion to set aside forfeiture be denied as moot.

### **I. BACKGROUND**

On June 21, 2004, Abraham Rydz pled guilty in this criminal action. [DE 522, 524]. On March 13, 2006, a Preliminary Order of Forfeiture was entered against certain properties belonging to Mr. Rydz. [DE 1961]. The majority of these properties were bank accounts, along with two corporations, Tropical Textile Corporation and One Stop Properties, and two real properties: (1) 1161-71 Flagler Street, ONE STOP PROPERTIES; and (2) Vacant Land, ONE STOP PROPERTIES, LAWRENCE ESTATE LAND COS SUB PB 2-46 E 50 FT

LOTS 8 and 9 BLK 14 LOT SIZE 50.000 x 100 OR 14872-2524, 0191 5 of Miami-Dade County. [*Id.*]. Rydz then entered a Consent to Forfeiture of that property on April 3, 2006. [DE 2765-1]. On June 19, 2007, before he could be sentenced, and before a Final Order of Forfeiture could be entered, Mr. Rydz died. [DE 2788].

In the motions now before the Court, Vivian Rydz, as Successor Trustee of the Abraham Rydz Revocable Trust, asks the Court for leave to intervene in this criminal action, and to have the forfeiture set aside.

## II. DISCUSSION

Ms. Rydz claims that she should be permitted to intervene and set aside the forfeiture because Mr. Rydz's death has abated all criminal proceedings against him. [DE 3004, 3005]. The government responds that the motion to intervene should be denied because no final order of forfeiture was entered in this, the criminal case, thus there is no forfeiture to set aside. [DE 3016]. The government notes that a civil forfeiture action against Mr. Rydz's property is proceeding in another division of this Court (Case No. 08-23173-Civ-Seitz), and that it is in that action that the government seeks a final order of forfeiture of the property that is the subject of Mr. Rydz's Consent to Forfeiture. The government suggests that Ms. Rydz move to intervene in the civil action, if she wishes to challenge the forfeiture. [*Id.*].

Ms. Rydz has since filed a Statement of Claim in the civil action, contesting the government's right to forfeit the disputed assets. [Case No. 08-23173, DE 22]. In her reply Ms. Rydz nevertheless maintains that she should be permitted to intervene in this criminal action as well. Making a general reference to docket entries 122-151, Ms. Rydz claims the

government has filed a notice of *lis pendens* in this action, which clouds title, and which she wants lifted. [DE 3018]. However, an inspection of those docket entries reveals that while notices of *lis pendens* have been entered against numerous properties, none concern the real properties owned by Mr. Rydz. Accordingly, this reason for intervention is without support.

Ms. Rydz further argues that she should be permitted to intervene to remove the preliminary order of forfeiture, because, she claims, Mr. Rydz's death has abated all criminal proceedings, citing *United States v. Parson*, 367 F.3d 409 (5th Cir. 2004). *Parsons* does not stand for the broad proposition suggested by Ms. Rydz. In *Parsons*, the court held that when a defendant dies while an appeal is pending, all proceedings against that defendant must be abated, as the defendant was not able to avail himself of the appellate process. *Id.* at 413. That Court specifically limited its ruling to the "specific facts of this case." *Id.* at 411. In this case, Mr. Rydz chose to plead guilty; he was awaiting sentencing and no appeal was pending. The doctrine of abatement recognized in *Parsons* does not support an order vacating the Preliminary Order of Forfeiture.

Because there is no final order of forfeiture in this case, there is nothing to set aside, and because no *lis pendens* was entered against any real property owned by Mr. Rydz, there is no purpose for Ms. Rydz to intervene in this criminal action. The pending civil forfeiture action is the proper forum for Ms. Rydz to challenge the forfeiture of property owned by Mr. Rydz.

### III. RECOMMENDATIONS

In light of the foregoing, it is RECOMMENDED as follows:

3

1.     The Motion to Intervene should **[DE 3004]** should be **DENIED**.

2.     The Motion to Set Aside Forfeiture **[DE 3005]** should be **DENIED** as moot.

### IV. OBJECTIONS

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and  Recommendation with the Honorable Alan S. Gold within 14 days.  Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein.  *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 14th day of December, 2010.


CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE


cc:
The Honorable Alan S. Gold
Counsel of record

4